## No. 699

### JOHN HANCOCK INS. CO. v. HAGER

No. 19913. Supreme Court

On motion to certify. Dock. June 21, 1926; 4 Abs. 404.

647. INSURANCE—Is 9391 GC. applicable to an application for a revival of an insurance policy, or is it applicable only to an application for a new policy of insurance?

Lettia Hager brought this action originally in the Lucas Common Pleas against John Hancock Mutual Life Insurance Company under a contract for insurance in which she was named as beneficiary.

It appears that the policy in question had lapsed and that an alleged agent of the Insurance Co. had delivered to Lettia Hager an application for reinstatement to which Lettia signed her husband's name. It appears that the contents of the affidavit were false, the affidavit stating that Louis Hager, husband of Lettia Hager was in good health and had no injury, ailment, or disease nor symptoms of such nor had affiant consulted a physician whereas as a matter of fact Louis Hager, at the time of the signing of the application, was confined to a Government Hospital in Dayton with tuberculosis. Said testimony showed that the agent of the company who delivered the application knew of this fact, but suggested that Lettia Hager sign the application anyway, although the agent denied this.

The court charged the jury in part as follows:

"You are instructed that a statement is an application for a revival of an insurance policy which has lapsed is within the purview of Section 9391 General Code of Ohio, and is not a defense to an action on the policy, unless the statement was wilfully false, fraudulently made, and material, and induced the company to renew the policy; and that the agent or company had no knowledge of the falsity or fraud of the statement so made in said application for revival."

The judgment of the Common Pleas in favor of Hager was affirmed by the Court of Appeals.

The Insurance Company in the Supreme Court contends:

1. That 9391 GC. does not apply to an application for reinstatement of a lapsed policy.

2. That the agent had no authority to receive an application for reinstatement.

3. That the reinstatement was granted solely in reliance on the affidavit.

4. That Hager is not entitled to recover under the policy because of the false statements in the affidavit.

**Attorneys**—Holbrook & Butler for Company; R. B. Lee, G. S. Moss for Hager; all of Toledo.

## No. 700

### WOLFLEY et v. THOMAS et

No. 19912. Supreme Court

On motion to certify. Dock. June 21, 1926; 4 Abs. 404.

313. CORPORATIONS—Where at a duly called stockholders meeting the stockholders authorize the employment of an auditor to make an audit for the purpose of determining whether or not a sale of the company's assets is advisable, are such stockholders personally liable for the service rendered in said audit?

Beman Thomas & Company, a partnership brought this action originally in the Columbus Municipal Court against J. T. Wolfley and five other stockholders in the Cedar Falls Oil & Refining Company, a corporation, for services rendered in making an audit of the company's books.

It appears that a stockholders' meeting of said Oil Co. was duly called for the purpose of considering the sale of the company's assets or the exchange of stock in said corporation for stock in another company; and the stockholders present, in order to be in a position to vote intelligently, passed a motion providing for the appointment of a committee to procure an audit of the company's books in order that the stockholders might vote intelligently on the question being discussed. Pursuant thereto Beman Thomas & Company was employed to make an audit and this service is the subject of the account sued on.

The suit was brought against several of the stockholders individually and judgment was rendered in the Municipal Court in favor of Thomas. Upon appeal to the Franklin Common Pleas judgment was rendered for Thomas which judgment was affirmed by the Court of Appeals.

The stockholders in the Supreme Court contend:

1. That the court erred in overruling a demurrer to the petition because said petition did not state facts sufficient to constitute a cause of action; there was a defect in parties defendant; and that the Thomas & Company had no legal capacity to sue.

2. That the liability was a corporation liability and not one of the stockholders.

**Attorneys**—F. S. Monnett & O. R. Crawfis, for Wolfley et; O. E. Davis. for Thomas et; all of Columbus.